**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

Christine Caba and Jofeny Duran, *on behalf of*
*themselves and all others similarly situated,*

                                   *Plaintiffs,*

       - against -

Easy Pickins, Inc.,

                                  *Defendant.*
-------------------------------------------------------- x

:   **FLSA COLLECTIVE ACTION**
:   **and RULE 23 CLASS ACTION**
:   **COMPLAINT**
:
:   **Jury Trial Demanded**

Plaintiffs Christine Caba ("Caba") and Jofeny Duran ("Duran," and together with Caba, the "Plaintiffs"), on behalf of themselves and other similarly situated employees, as class representatives, by and through their attorney, Mohammed Gangat, Esq., file this Complaint against defendant Easy Pickins, Inc. ("Easy Pickins" or "Defendant") and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.    Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that they and a proposed class of others similarly situated are entitled to recover from Defendant: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.    Plaintiffs further allege, pursuant to the New York Labor Law "NYLL", that they and a proposed class of others similarly situated employees entitled to recover from Defendant: (1) unpaid minimum wage and overtime compensation; (2) damages for failure to give required notices and wage statements; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (4) prejudgment and

post-judgment interest; and (5) attorneys' fees and costs.

3.    In addition to seeking recovery for the Plaintiffs individually, this lawsuit also seeks to recover minimum wage, overtime compensation, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendant resides and/or maintains a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

6.    At all relevant times, Plaintiff Christine Caba is an adult individual, over 18 years old, residing in Bronx County, and a citizen of New York.

7.    At all relevant times, Plaintiff Jofeny Duran is an adult individual, over 18 years old, residing in Bronx County, and a citizen of New York.

8.    Easy Pickins, Inc. is a foreign business corporation formed in New York County and organized and existing under the laws of the State of New Jersey with a principal place of business and a service of process address at 450 7th Avenue, Suite 701, New York, New York, 10123.

9.    Defendant's business operates dozens of Easy Pickins retail clothing stores in Bronx County and throughout the State of New York.

10.   Defendant has control over and the power to change compensation practices for all

employees working in its retail clothing stores.

11.  Defendant has had the power to determine employee policies for all of its employees, including, but not limited to, time-keeping, payroll, and uniform policies.

12.  Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

13.  Defendant continuously employed Plaintiffs and similarly situated employees to work as non-exempt employees.

14.  The work performed by Plaintiffs was essential to the business operated by Defendant.

15.  Defendant knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in direct contravention of New York Labor Law's minimum wage requirements.

16.  Defendant knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17.  Defendant knowingly and willfully failed to provide required accurate wage notices and wage statements under the New York Wage Theft Prevention Act.

## STATEMENT OF FACTS

18.  Plaintiffs were at all relevant times covered employees within the meaning of the FLSA and NYLL.

19.  Defendant's business owns and operates Easy Pickins clothing stores in Bronx County and in other areas of New York State.

20.  Plaintiff Caba began working for Defendant around November 2019 until the end of her employment in May 2022 at their Easy Pickins store location at 125 East 170th Street, Bronx, New York 10452.

21.  Caba initially worked part time for Defendant while she was in high school as a sales associate and then was promoted to assistant manager.

22.  Plaintiff Caba's job responsibilities included: lifting, carrying and moving boxes of merchandise; stocking clothing items on the floor; general cleaning tasks; attending to customers; supervising employees; and scheduling employees.

23.  After graduating from high school, Plaintiff Caba worked for Defendant full time, working an average of 45 hours per week.

24.  Defendant typically scheduled Caba to work seven days per week without any days off.

25.  Defendant required Plaintiff Caba to clock in and out.

26.  At all times during Plaintiff's employment, Defendant paid her at or just above minimum wage at $15-16 per hour.

27.  Plaintiff's direct supervisor was Defendant's store manager Nurys Tamayo ("Tamayo").

28.  Defendant never paid Plaintiff Caba the required overtime rate of time and one-half for each hour she worked each work over 40.

29.  To the contrary, on multiple occasions Plaintiff Caba observed Defendant's store manager, Nurys Tamayo, manually adjusting her hours from the actual 45 hour per week down to 38-40 hours per week.

30.  In her role as assistant manager, Plaintiff Caba was told by both Nurys Tamaya, and "Deo" (last name unknown), Defendant's district manager who was in charge of several of

Defendant's stores in the area, that Defendant's policy was to not pay overtime and that if necessary employees' actual hours should be adjusted downward so Defendant wouldn't have to pay overtime.

31.  Defendant did not permit Caba to take meal breaks, despite Caba telling her Nurys Tamayo that she had anemia and would feel lightheaded and suffer other complications if she skipped meals.

32.  On multiple occasions, Plaintiff Caba observed her store manager Nurys Tamayo manually clocking out Defendant's employees for meal breaks, despite the fact they were not permitted to take meal breaks and continued to work after Tamayo had clocked them out.

33.  Plaintiff Jofeny Duran worked for Defendant at one of its retail store locations at 304 East Fordham Road, Bronx, New York 10458 as a Sales Associate.

34.  Plaintiff Duran worked part time for Defendant from around August or September 2020 to around August or September 2021.

35.  He typically worked on weekends, typically from about 10am to 8:30 pm (sometimes earlier and sometimes later than 8:30) on Saturdays and from about 11am to 7pm (sometimes earlier and sometimes later than 7pm).

36.  On Saturdays, Plaintiff typically worked a shift in excess of ten hours per day.

37.  Plaintiff Duran's job responsibilities included: lifting, carrying and moving boxes of merchandise; stocking clothing items on the floor; general cleaning tasks; attending to customers; and cleaning the store's basement.

38.  Defendant paid Plaintiff $15 per hour.

39.  When he worked Sunday shifts, the individual assigned to work as the keyholder for that day required Plaintiff Duran and his coworkers to remain at the store after clocking out until all of the employees had finished their tasks and the storefront was locked down. To the best of

Plaintiff Duran's recollection, this unpaid time when Defendant required him to remain at the store averaged approximately 30 mins per day, and at times as long as 1 hour of unpaid time.

40.  Throughout the employment, Plaintiffs did work at least one shift or split-shift in spanning more than ten hours in a single day but were not paid the required spread of hours premium.

41.  Because of Defendant's improper compensation policies, Plaintiffs were deprived of pay, in direct violation of the NYLL

42.  This pattern of conduct was continuous throughout Plaintiffs' employment.

43.  Defendant's unlawful conduct has been widespread, repeated, and consistent.

44.  Defendant knowingly and willfully operated their business with a policy of not paying for every hour worked in an amount sufficient to compensate Plaintiff and other similarly situated employees for all amounts due under the New York State minimum wage, the FLSA overtime laws (of time and one-half), the New York State overtime laws (of time and one-half), New York State spread of hours law, all in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

45.  Defendant did not furnish Plaintiffs and other similarly situated employees with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

46.  Plaintiffs and similarly situated employees reserve the right to amend this complaint once the wage and hour records that are required to be kept under the FLSA and NYLL and information regarding Defendants' corporate and franchise ownership structure is produced by Defendants during discovery.

## COLLECTIVE ACTION ALLEGATIONS

47.  Plaintiffs bring this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> all current and former employees of Defendant for the three-year period prior to the filing of the complaint.

48.  Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

49.  Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

50.  This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

51.  A collective action is superior to other available methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

52. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendant employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. Whether the Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

f. Whether the Defendant failed to pay Plaintiffs and the Collective Action Members minimum wages for all hours worked; and

g. Whether the Defendant failed to pay Plaintiffs and the Collective Action Members for hours worked in excess of 40 hours per workweek.

53.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

54.  Plaintiffs and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## CLASS ACTION ALLEGATIONS

55.  Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

56.  In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former delivery employees of Defendant for the six-year period prior to the filing of the complaint.

57.  Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class consists of all non-salaried current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

58.  The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

59. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

60. Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

61. Plaintiffs will fairly and adequately protect the interests of the Proposed Class.

62. Plaintiff Caba understands that, as a class representative, she assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that she must consider their interests just as she would represent and consider her own interests, and that she may not favor her own interests over those of the Class Members.

63. Plaintiff Caba recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff Caba understands that in order to provide adequate representation, she must remain informed of litigation developments and that she may be called upon to testify in depositions and at trial.

64. Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

65. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

   a. Whether the Defendant employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

   b. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether the Defendant failed to pay Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.  Whether Defendant's violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

f.  Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

g.  Whether the Defendant paid required spread of hours pay when employees worked a shift or split-shift spanning more than ten hours in a single day.

**STATEMENT OF CLAIM**

**COUNT I: FLSA – Minimum Wage and Overtime**
***Brought on behalf of Plaintiffs and the Proposed FLSA Collective***

66.  Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

67.  Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

68.  At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA,

29 U.S.C. §§ 206(a) and 207(a).

69.   At all relevant times, Defendant employed Plaintiffs and the Proposed FLSA Collective members within the meaning of the FLSA.

70.   Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

71.   Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

72.   Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

73.   At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

74.   At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

75.   Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure

Plaintiffs and the Proposed FLSA Collective.

76.   Defendant have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

77.   Defendant failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

78.   As a direct and proximate result of Defendant's violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

79.   Due to the reckless, willful and unlawful acts of Defendant, Plaintiffs and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

80.   Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL – Minimum Wage and Overtime Pay and Spread of Hours Pay
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

81.   Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

82.   Defendant employed Plaintiffs and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

83.   Defendant knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members

the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek and required spread of hours pay when working shifts or split-shifts spanning more than ten hours in a single workday.

84. Defendant failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

85. Defendant failed to furnish Plaintiffs and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

86. Defendant failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

87. Defendant failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

88. At the time of their hiring, Defendant failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

89. Due to the Defendant's New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendant the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime

hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

90.   Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
### *Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

91.   Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

92.   Defendant has willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

93.   Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

94.   Defendant has willfully failed to supply Plaintiffs and the members of the Rule 23

Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

95.   Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

96.   Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

97.   Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly service workers at one of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

ii.    An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

iii.   An award of liquidated damages as a result of Defendant's failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv.   An award of liquidated damages as a result of Defendant's failure to pay minimum wage compensation, overtime compensation, uniform maintenance pay, and "spread of hours" premium pursuant to the New York Labor Law, the New York Compensation Codes Rules and Regulations, and the New York State Wage Theft Prevention Act;

v.    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vi.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

vii.  Designation of Plaintiff Caba as representative of the Rule 23 Class, and counsel of record as Class Counsel;

viii. An injunction requiring Defendant to pay all statutorily required wages pursuant to the FLSA and NYLL;

ix.    An award of prejudgment and post-judgment interest;

x.    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL;

xi.    Such other and further relief as this Court determines to be just and proper.

**<u>JURY DEMAND</u>**

Pursuant to FRCP 38 the Plaintiff demands trial by jury on all issues.

Dated: New York, New York
           September 13, 2022                    **LAW OFFICE OF MOHAMMED GANGAT**


                                                 By:    _____
                                                        Mohammed Gangat, Esq.
                                                        675 3rd Avenue
                                                        Suite 1810
                                                        (718) 669-0714
                                                        mgangat@gangatllc.com

                                                 *Attorneys for Plaintiff and the FLSA Proposed*
                                                 *Collective and Rule 23 Proposed Class*